NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIANE MARIE LAPUZZ,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Commissioner of Social Security Administration,

Defendant-Appellee.

No.    17-15912

D.C. No. 2:15-cv-02136-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 23, 2018[**]

Before:    GOODWIN, FARRIS, and LEAVY, Circuit Judges

Diane Marie Lapuzz appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying Lapuzz's application for

disability insurance benefits and supplemental security income under Titles II and

XVI of the Social Security Act.  We review de novo, *Trevizo v. Berryhill*, 871 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

664, 674 (9th Cir. 2017), and we affirm.

The Administrative Law Judge ("ALJ") properly provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Freedman's opinions. *See Trevizo*, 871 F.3d at 676 (specific and legitimate standard for contradicted medical opinions applies when this court can infer from the record that a medical opinion is contradicted); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (recognizing a conflict with treatment notes as a specific and legitimate reason to reject a treating physician's opinion); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (quotation and citation omitted)). Any error in relying on additional reasons was harmless because the ALJ properly provided several specific and legitimate reasons for rejecting Dr. Freedman's opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless when it is inconsequential to the ultimate nondisability determination). The ALJ's opinion reasonably addressed the factors listed in 20 C.F.R. § 404.1527(c)(2)-(6). *See Trevizo*, 871 F.3d at 676.

The ALJ provided several clear and convincing reasons supported by substantial evidence for discrediting Lapuzz's testimony, properly linking specific evidence to the testimony that the ALJ discredited. *See Brown-Hunter v. Colvin*,

17-15912

806 F.3d 487, 493 (9th Cir. 2015) (ALJ must provide clear and convincing reasons supported by specific findings to discredit claimant testimony); *see also Molina*, 674 F.3d at 1113 (ALJ properly discredited claimant testimony that was inconsistent with the medical record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (effectiveness of medication is a clear and convincing reason to discredit claimant testimony; ALJ may properly discredit claimant testimony based on "minimal, conservative treatment"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may properly include lack of supporting evidence as one reason to discredit claimant testimony). Any error in relying on additional reasons was harmless because the ALJ properly provided several clear and convincing reasons to discredit Lapuzz's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Lapuzz's request for oral argument, contained in her opening brief (Dkt. No. 8), is denied.

**AFFIRMED.**

17-15912